UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KRISTINA KRAFT, Individually and on behalf of all others similarly situated,

                  Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
NFNY HOTEL MANAGEMENT LLC,

                  Defendants.

**REPORT, RECOMMENDATION AND ORDER**

20-CV-1302(JLS)(JJM)

---

In this action, plaintiff seeks "to recover all unpaid wages, compensation, penalties, liquidated damages, treble damages, and other damages on behalf of herself and Class members under New York state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants integrated into their gratuity systems and payroll policies that have deprived Plaintiff and Class members of their lawfully earned wages." First Amended Class Action Complaint [9], ¶4.[1]

Before the court is plaintiff's motion [66] seeking leave to file a Second Amended Class Action Complaint and to extend all deadlines of this court's Case Management Order ("CMO") [58] by six months. Because the motion itself negates plaintiff's entitlement to the relief requested, no response is necessary.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

## DISCUSSION

A.     **Leave to File a Second Amended Class Action Complaint**

Plaintiff seeks leave file a Second Amended Class Action Complaint "to accomplish four purposes: *First*, to remove Defendant Marriott International, Inc. from this action, and substitute in its place The Sheraton LLC, the proper Defendant here; *Second*, to add factual allegations describing Defendants' minimum wage violations and additional bases for itemized wage statement violations on behalf of Plaintiff and the New York Class under New York Labor Law; *Third*, to add a new cause of action for systematic violations of New York's minimum wage laws; and *Fourth*, to voluntarily withdraw, without prejudice, Plaintiff's causes of action that were originally brought under New York's consumer protection/deceptive trade practices laws". Plaintiff's Memorandum of Law [66-1] at 6.

Plaintiff relies upon "Federal Rule of Civil Procedure 15(a)'s permissive standards and the liberal policy of allowing pleading amendments in the Second Circuit" (id. at 19), ignoring the fact that "once the district court has filed a pretrial scheduling order pursuant to [Rule] 16 which establishes a time table for amending pleadings that rule's standards control . . . . Thus, a plaintiff's ability to amend a complaint is governed by Rule 16(b), not 15(a)." Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent". My CMO set a deadline of January 3, 2021 for "motions to join other parties and to amend the pleadings" ([58], ¶5), which was the date that the parties had proposed. [54], ¶5. At the Rule 16 scheduling conference on November 20, 2020 [57], I reminded the parties that the CMO deadlines were to be taken seriously, and could be modified only for good cause. Accordingly, my CMO warned, in boldface type, that "**No extension of the**

**above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that 'a finding of 'good cause' depends on the diligence of the moving party'. Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000)".** Id. at 4.

By letter dated July 22, 2020, defendants notified plaintiff and the court that "Marriott is not a proper party to this action. Marriott has nothing whatsoever to do with this lawsuit or the underlying claims. Its only connection to the lawsuit lies in the fact that a separate subsidiary entity (The Sheraton, LLC) happens to be the franchisor of the Sheraton Niagara Falls". [32] at 5.

Although plaintiff argues that she "did not originally name The Sheraton, LLC as a defendant for lack of publicly available evidence identifying The Sheraton, LLC as her joint employer" (plaintiff's Memorandum of Law [66-1] at 8), she fails to explain why, in light of defendants' July 22, 2020 letter, she could not have conducted discovery relative to the potential involvement of The Sheraton, LLC in time to meet the January 3, 2021 deadline for a motion to amend. "Knowledge of facts which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed." Rankin v. City of Niagara Falls, 2012 WL 3886327, *4 (W.D.N.Y. 2012), adopted in relevant part, 293 F.R.D. 375 (W.D.N.Y. 2013), aff'd, 569 Fed. Appx. 25 (2d Cir. 2014). "The duty of inquiry having arisen, plaintiff is charged with whatever knowledge an inquiry would have revealed." TRW Inc. v. Andrews, 534 U.S. 19, 30 (2001).

As defendants point out, plaintiff "has known that the wrong party was named as a defendant (Marriot) in the case since at least July of 2020 and that the party with whom NFNY

had a license at the property was The Sheraton, LLC (*see* Docket No. 32). This was, in fact, repeatedly conveyed . . . both verbally and in other written court submissions and correspondence. With knowledge of that, [plaintiff] agreed to the CMO in November expressly specifying '[a]ll motions to join other parties and to amend the pleadings shall be filed by no later than January 3, 2021'. Despite having full knowledge of the identify of The Sheraton, LLC, [plaintiff] never added them as a party and allowed that date to lapse. Thus, it is hardly good cause to now want to amend the complaint to add them." [66-5] at 2.

In addition to adding The Sheraton, LLC as a defendant, plaintiff states that "through informal discovery exchanged leading up to mediation, [she] discovered evidence that Defendants have been paying their hourly, tipped employees below the statutory minimum wage rates set by New York law for extended periods of time over during the relevant limitations period" and that she "also discovered additional information supporting her already-existing claims and class allegations". Plaintiff's Memorandum of Law [66-1] at 12. She argues that "[a]llowing [her] and the Class members to pursue these bedrock and important causes of action will further the interests of justice". Id.

Again, plaintiff does not explain why she could not have discovered this additional information prior to the January 3, 2021 deadline for motions to amend. She claims that she "did not seek leave prior to mediation because the parties anticipated good faith settlement negotiations that could have resolved the entire case, and therefore would moot the need for such amendment". Plaintiff's Memorandum of Law [66-1] at 8. However, since Rule 23(e) requires court approval of a class action settlement, that expectation was speculative at best. "The possibility of settlement exists in virtually every civil case", and "does not provide an

adequate basis for failing to comply with an unequivocal scheduling order of the Court". Arnold v. Krause, Inc., 233 F.R.D. 126, 130 (W.D.N.Y. 2005).

Moreover, "both the CMO and this court's Alternative Dispute Resolution ('ADR') Plan make clear that mediation does not furnish good cause for an extension of CMO deadlines." Rupp v. City of Buffalo, 328 F.R.D. 69, 70-71 (W.D.N.Y. 2018). See CMO [58], ¶ 18 ("the continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order"); ADR Plan, §4.1(c) ("[t]he referral of a case to ADR does not delay or defer other dates established in the Scheduling Order").

Plaintiff suggests that since defendants have "consented to permit Plaintiff to amend to include the additional the minimum wage claim and factual detail, Defendants will suffer no prejudice from the amendment generally". Plaintiff's Memorandum of Law [66-1] at 14. Defendants dispute that assertion. See [66-5] at 3 ("our clients would be prejudiced by the extension"). In any event, "absent good cause, defendant's consent is irrelevant", Rupp, 328 F.R.D. at 71, and "[t]he existence or degree of prejudice to the party opposing modification . . . is irrelevant to the moving party's exercise of diligence and does not show good cause". Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012).

"[T]o demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." Carnrite, 175 F.R.D. at 446. "[T]he standard is not met if the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." Essani v. Earley, 2018 WL 3785109, *6 (E.D.N.Y.), adopted, 2018 WL 4100483 (E.D.N.Y. 2018). Since plaintiff has failed to show why she was unable to assert any of the proposed amendments by the January 3, 2021 deadline, I recommend that her motion be to amend be denied.

B.   **Extension of Other CMO Deadlines**

Plaintiff argues that since "recent informal discovery has revealed the need to explore alleged widespread minimum wage violations, additional time will be necessary to conduct formal discovery on that issue and brief same in a motion for Rule 23 class certification", and proposes a six-month "extension of time to the current discovery and Rule 23 motion deadlines". Plaintiff's Memorandum of Law [66-1] at 18. However, plaintiff fails to explain why she waited until March 29, 2021 (id. at 17) to commence formal discovery. That delay hardly reflects the diligence necessary to demonstrate good cause for an extension. Therefore, this request is likewise denied.

C.   **The Potential Impact of this Motion on Class Certification**

Plaintiff's motion for class certification is due by September 3, 2021. [58], ¶11. Without prejudging a motion which has not yet been made, I would be remiss if I did mention the potential impact of the pending motion [66] on the certification decision. Since the court "must ensure that counsel . . . will 'fairly and adequately represent' the class's interests under Rule 23(g)(4)", 1 Newberg on Class Actions §3:81 (5th ed.), certification "may be denied based on proposed class counsel's mishandling of the pending suit". 1 McLaughlin on Class Actions §4:38 (17th ed.); Huer Huang v. Shanghai City Corp., 459 F. Supp. 3d 580, 596-97 (S.D.N.Y. 2020).

Therefore, this court "will monitor counsel's performance in representing the putative class here and will take that performance into account . . . when and if a motion for class certification is made. But the decision whether counsel is adequate and therefore whether a class will be permitted to continue must await that motion". Id. at 597.

## CONCLUSION

For these reasons, that portion of plaintiff's motion [66] seeking to extend the CMO deadlines is denied, and I recommend that the portion of her motion seeking leave to leave to file a Second Amended Class Action Complaint likewise be denied.[2]

Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report, Recommendation and Order must be filed with the clerk of this court by May 10, 2021. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

---

[2] "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as nondispositive." Zink v. First Niagara Bank, N.A., 2015 WL 423221, *1, n. 2 (W.D.N.Y. 2015). While there is contrary authority (see Eastman Chemical Co. v. Nestle Waters Management & Technology, 2014 WL 1316772, *2 (S.D.N.Y. 2014) (advocating a nondispositive standard of review where "denial of leave to amend was based on procedural issues like failure to comply with a scheduling order")), I prefer to err on the side of caution.

arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 26, 2021

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge