UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JUN 2 2 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

KRISTINA KRAFT, Individually and
On Behalf of All Others Similarly
Situated,

         Plaintiff,

        v.

MARRIOTT INTERNATIONAL, INC.
and NFNY HOTEL MANAGEMENT
LLC,

        Defendants.

20-CV-1302-JLS-JJM

## DECISION AND ORDER

Plaintiff Kristina Kraft commenced this action in the United States District
Court for the Southern District of New York on April 3, 2020, raising a series of
claims under New York Labor Law and General Business Law. Dkt. 1. On
September 15, 2020, with the consent of the parties, the case was transferred to the
Western District of New York. Dkts. 35, 37. On September 16, 2020, this Court
referred the case to United States Magistrate Judge Jeremiah McCarthy for all pre-
trial matters excluding dispositive motions. Dkt. 38. On April 22, 2021, an
additional referral was made to Judge McCarthy to hear and report on dispositive
motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 67.

Presently before the Court is Judge McCarthy's Amended Report and
Recommendation ("R&R"), Dkt. 69, addressing Plaintiff's motion for leave to amend
the complaint and to modify the scheduling order, Dkt. 66. Plaintiff's motion seeks,

among other relief, to extend the deadlines of the operative Case Management Order ("CMO") by six months. *Id.*

On April 26, 2021, Judge McCarthy issued an R&R recommending that this Court deny Plaintiff's motion to amend. Dkt. 69. Judge McCarthy also denied Plaintiff's request to modify the scheduling order. *Id.*

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in the parties' submissions and Judge McCarthy's R&R, and will provide only a brief summary of the relevant background.

Plaintiff filed this action on April 3, 2020, seeking recovery individually and on behalf of others employed by Defendants in non-managerial service roles. Dkt. 1. The complaint alleges the improper compensation of these employees by Defendants. *Id.* Plaintiff amended her complaint on April 17, 2020. Dkt. 9. On April 21, 2021, Plaintiff filed a motion for leave to amend the complaint a second time and to modify the CMO. Dkt. 66.

On April 26, 2021, Judge McCarthy issued, and subsequently amended, an R&R recommending that the Court deny Plaintiff's motion to amend. Dkts. 68, 69. In the R&R, Judge McCarthy found that Plaintiff failed to demonstrate good cause for the proposed amendments. *Id.* at 2-6. The R&R also denied Plaintiff's request to extend the CMO deadlines by six months, noting Plaintiff's delays in commencing formal discovery. *Id.* at 6.

Plaintiff objected to the R&R, contending that the Court had erred. Dkt. 70. Defendants responded to Plaintiff's objections, urging this Court to accept Judge McCarthy's findings and conclusions in their entirety. Dkt. 72. On June 1, 2021, Plaintiff filed her reply. Dkt. 74.

## DISCUSSION

First, this Court notes the standard of review applicable to the present motion. Pursuant to the referral orders of September 16, 2020 and April 22, 2021, Judge McCarthy was authorized to issue decisions on non-dispositive motions and applications, as well as to hear and report upon dispositive motions under 28 U.S.C. § 636(b)(1)(B) and (C). *See* Dkts. 38, 67.

Regarding the referral of dispositive matters, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As for non-dispositive matters, the district judge in the case must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *see also Eisai Ltd. V. Dr. Reddy's Labs., Inc.,* 46 F.Supp.2d 341, 342 (S.D.N.Y. 2005); *Popat v. Levy*, No. 15-CV-01052, 2020 WL 7040641, at *1 (W.D.N.Y. Nov. 30, 2020).

Although a magistrate judge's denial of a motion to amend is generally treated as dispositive, rulings on motions to extend time are considered non-

dispositive. *Compare Zink v. First Niagara Bank, N.A.*, 2015 WL 423221, at *1 n.2 (W.D.N.Y. Feb. 2, 2015) (noting that district courts in this circuit "have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive") *with Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. Jul 23, 2004) (describing motions to enlarge time as non-dispositive); *Thompson v. Direct Outdoor Prods.*, No. 11-CV-137, 2012 WL 3906722, at *2 (N.D. Miss. Sept. 7, 2012) (observing that "purely ministerial matters," such as the extension of CMO deadlines, are of a non-dispositive character).

The Court has carefully reviewed the R&R, the objections and responses, and the relevant record in this case. Based on that review, the Court accepts Judge McCarthy's recommendation to deny Plaintiff's motion to amend. Nothing in the Rule 16 case law cited by the parties requires a different analysis or contrary result.

The Court also affirms Judge McCarthy's order denying Plaintiff's request to extend the CMO deadlines. The Court is unable to conclude that Judge McCarthy's decision to deny the request was clearly erroneous or contrary to the law.

## CONCLUSION

For the reasons stated above and in the R&R, Plaintiff's motion for leave to amend the complaint is DENIED, and Judge McCarthy's denial of Plaintiff's motion to modify the scheduling order is AFFIRMED. The case is referred back to

Judge McCarthy for further proceedings consistent with this Court's September 16, 2020 and April 22, 2021 orders.  Dkts. 38, 67.

SO ORDERED.

Dated:      June 18, 2021
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE