UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KRISTINA KRAFT, individually and on behalf of all others similarly situated

Plaintiff,

v.

MARRIOTT INTERNATIONAL INC. and NFNY HOTEL MANAGEMENT LLC,

Defendant.

---

**REPORT AND RECOMMENDATION**

Case No. 1:20-cv-1302-JLS-JJM

Before the court are motions for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 by defendant NFNY Hotel Management LLC ("NFNY") [109][1] and plaintiff Kristina Kraft [113], which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [67]. Having reviewed the parties' submissions [109, 113, 115, 117, 118, 123, 125] and heard oral argument on November 14, 2022 [134], for the following reasons I recommend that the motions be granted in part and denied in part.

## BACKGROUND

Plaintiff Kraft was formerly employed by NFNY as a food and beverage server at a TGI Friday's restaurant in Niagara Falls, New York. Her First Amended Class Action Complaint [9] alleged seven causes of action seeking individual and class relief for alleged violations of New York's Labor Law, General Business Law and common law. However, the parties have "agreed to dismiss causes of action two through five", and Kraft has "abandoned the putative class claims, choosing instead to pursue remedies for herself individually. The parties

---

1 Bracketed references are to CM/ECF docket entries (unless otherwise noted). Page references are to CM/ECF pagination (upper right corner of the page).

also stipulated to dismiss Marriott International, Inc. as a defendant". Kraft's Memorandum of Law [113-7] at 8.

NFNY now seeks summary judgment dismissing the remaining causes of action, and Kraft seeks partial summary judgment against NFNY on her seventh cause of action.

## DISCUSSION

### A. Kraft's First Cause of Action: N.Y. Labor Law §196-d

N.Y. Labor Law §196-d provides that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee".

Kraft alleges that "§196-d covers any charge that a reasonable customer would have believed would serve as a gratuity", and that NFNY "attach[es] a hidden surcharge, misleadingly labeled as a 'service fee' to all food and beverage sales in the amount of 1% to 3% for food and beverage services. Unwary customers pay these service fees reasonably believing that the entirety of the service fee will be remitted to the service workers as gratuity payment". First Amended Class Action Complaint [9], ¶¶54, 55.

The surcharge at issue was a "destination marketing fee", also called a "Dest Mkt Chg" or "DMF", which was "used to offset NFNY's expenses for marketing its hotels and restaurants in the Niagara Falls area". Winter Declaration [109-16], ¶¶8, 9. The DMF "was never presented to the customer as a 'service charge'". Id., ¶11. "The amount of the DMF varied over time, but was generally around 3.5% of the subtotal of a customer's bill. The amount of the DMF is fully disclosed on its invoices to customers", and "if a customer objects to or complains about the charge, it has always been the policy of NFNY to remove it from the bill". Id., ¶¶9, 13.

NFNY attached to its motion "a typical sales invoice that was presented to NFNY's customers at TGI Friday's who were serviced by [Kraft] during her employment at NFNY". Id., ¶ 14; [109-17] at 2. Although the invoice postdated Kraft's employment at NFNY, she admitted at her deposition that it "depicted the receipt that a customer would receive at the conclusion of their dining or beverage experience". [109-3] at 42.

"[W]hether a charge purports to be a gratuity is measured by whether a reasonable patron would understand that a service charge was being collected in lieu of a gratuity." Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 330 (S.D.N.Y. 2010). Although 12 N.Y.C.R.R. §146-2.18(b) creates "a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services . . . is a charge purported to be a gratuity", NFNY's typical invoice clearly rebuts that presumption. The invoice lists a "DestMktgChg" (*not* a "service charge") of $0.94, representing 3.5% of the $26.78 charge for food and beverages. [109-17] at 2. Kraft admitted that the "customary tip in the food and beverage industry is 15 or more percent" ([109-3] at 45), and 3.5% in no way "resembles what customers would expect to tip". Belizaire, 796 F. App'x at 53. Moreover, the invoice contains a separate line for "TIP", followed by "gratuity recommendations based on the subtotal of your items: 15% is $4.02; 18% is 4.82; 20% is 5.36."

In Spicer, which (unlike this case) *did* involve a "service charge", the court concluded that "no reasonable jury could find that a reasonable customer would believe that the service charge was a gratuity . . . . [The] contract clearly delineates the 'service charge' from the 'gratuity' . . . and never refers to the service charge without also referring to the gratuity as a separate, distinct charge . . . . Accordingly, Defendants' motion for summary judgment is

granted." 269 F.R.D. at 332-33. For the same reasons, I recommend that NYNY be granted summary judgment dismissing this cause of action.

**B. Kraft's Sixth Cause of Action: N.Y. Labor Law §195(3)**

N.Y. Labor Law §195(3) requires an employer to "furnish each employee with a statement with every payment of wages", containing various types of information. Kraft alleges that NFNY violated §195(3) by failing to provide her with an accurate statement with each payment of wages (First Amended Class Action Complaint [9], ¶100), and seeks summary judgment of $5,000 in statutory penalties pursuant to N.Y. Labor Law §198(1-d). *See* Kraft's Memorandum of Law [113-7].

NFNY admits that the wage notices which it provided to Kraft were not fully compliant with the requirements of Labor Law §195(3). *See*, *e.g*., NFNY's Opposing Statement of Material Facts [117-1], Responses 4 and 5. Nevertheless, it argues that "the Labor Law provides an affirmative defense to NYLL §195(3) claims where the employer 'made complete and timely payment of all wages due' to the employee. NYLL §198-d. Courts have recognized that this affirmative defense was designed to 'protect employers from a mere technical violation'". NFNY's Memorandum of Law [117] at 5.[2]

Kraft responds that NFNY "is not entitled to rely on the NYLL §198 affirmative defense because it failed to assert that defense in its responsive pleading. [Rule 8(c)(1)] requires that'"[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense'". Kraft's Reply Memorandum [125] at 6.

---

2 Labor Law §198(1-d) provides that "[i]n any action . . . to recover damages for violation of subdivision three of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article".

NFNY offers several arguments in response. First, it suggests that its "seventh affirmative defense stat[ing that] 'Plaintiff is not entitled to any monetary payments beyond what she has already been paid' . . . clearly notified Plaintiff that NFNY intended to establish that it had complied with all of its obligations to pay her under the Labor Law, which include requirements for complete and timely payment of all wages due". NFNY's Reply Memorandum [123] at 15. I disagree. That affirmative defense did not even mention Labor Law §198-d, much less allege that NFNY had made "timely" payments, as required by the statute.

"[T]he plausibility standard of Twombly [Bell Atlantic Corp. v. Twombly, 550 U.S. 544] applies to determining the sufficiency of all pleadings, including . . . an affirmative defense." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 (2d Cir. 2019). An affirmative defense must be "support[ed] . . . with some factual allegations to make [it] plausible". Id. at 99; Town & Country Linen Corp. v. Ingenious Designs LLC, 2020 WL 3472597, *13 (S.D.N.Y. 2020) (same). Therefore, "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy". Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996).

NFNY next argues that Kraft "was also notified of this defense by denials in NFNY's answer. NFNY denied the allegation that 'Plaintiff files this action to recover all unpaid wages' and 'compensation,' and 'seeks to remedy the sweeping practices' of Defendants that 'deprived Plaintiff and Class members of their lawfully earned wages' . . . . NFNY also denied allegations that 'Plaintiff and Class members do not receive the total proceeds of the service fees as gratuities, to which they are entitled under New York law'". NFNY's Reply Memorandum [123] at 15-16. Again, I disagree. "An affirmative defense is different from a denial. An affirmative defense is a basis for denying liability even if the facts of a complaint are true, while

a denial simply denies the facts of a complaint." Sender v. Mann, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006); Utica Mutual Insurance Co. v. Munich Reinsurance America, Inc., 7 F.4th 50, 63 (2d Cir. 2021). Moreover, unlike an affirmative defense, "a denial is not required to be pled in conformance with GEOMC". Town & Country Linen Corp., 2020 WL 3472597, *11.

NFNY's focus on whether its pleading "put [Kraft] on notice of the NYLL 198 defense" (NFNY's Reply Memorandum [123] at 16) is misplaced, for "[b]y emphasizing a plausibility requirement, Twombly and Iqbal [Ashcroft v. Iqbal, 556 U.S. 662 (2009)] obviously require more than mere notice". Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014).

Finally, NFNY argues that "a district court may consider the merits of an affirmative defense . . . raised for the first time at the summary judgment stage, so long as the plaintiff has had an opportunity to respond." NFNY's Reply Memorandum [123] at 16, *citing* Astor Holdings, Inc. v. Roski, 325 F. Supp. 2d 251, 260 (S.D.N.Y. 2003) and Curry v. City of Syracuse, 316 F.3d 324, 330-31 (2d Cir. 2003). However, long before these cases were decided, the Second Circuit made clear that an unpled affirmative defense *cannot* be considered. *See* Satchell v. Dilworth, 745 F.2d 781, 784 (2d Cir. 1984) ("[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case"); Doubleday & Co. v. Curtis, 763 F.2d 495, 503 (2d Cir. 1985) (Rule 8(c)'s "mandatory language has impelled us to conclude that a party's failure to plead an affirmative defense bars its invocation at later stages of the litigation").[3]

---

[3] "This proposition has been announced by numerous federal courts in cases involving a variety of affirmative defenses that should be pleaded affirmatively in a responsive pleading according to the requirements of Rule 8(c)." 5 Wright & Miller, Federal Practice and Procedure (Civil), §1278 (4th ed.).

Since neither Satchell nor Doubleday have been expressly overruled, any subsequent suggestions to the contrary (such as Curry) are not controlling. *See* Veltri v. Building Service 32B-J Pension Fund, 393 F.3d 318, 327 (2d Cir. 2004) ("one panel of this court cannot overrule a prior decision of another panel, unless there has been an intervening Supreme Court decision that casts doubt upon our controlling precedent").

NFNY suggests that because Kraft "responded to this defense in her opposition papers . . . its consideration would not prejudice her". NFNY's Reply Memorandum [123] at 16. However, cognizant of Rule 15(b)(2)'s provision that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings", Kraft "addresse[d] the substance of the defense solely out of an abundance of caution and [did] not implicitly or explicitly consent to consideration of this affirmative defense". Kraft's Reply Memorandum [125] at 7, n. 2. While NFNY suggests that Kraft "sought substantial evidence through discovery concerning the complete and timely payment of all her wages" (NFNY's Reply Memorandum [123] at 16), it does not show that the discovery sought related solely to the unpleaded §198-d defense. In any event, Rule 15(b)(2) applies only to unpleaded issues "tried" by consent, and discovery is not a trial.[4]

In Satchell, the court noted that defendant's "motion for summary judgment gave notice that he wished to assert a[n affirmative] defense . . . and if leave to amend the answer had been requested, it might well have been granted; but there was no amendment of the answer". 745 F.2d at 784-85. Just as in Satchell, NFNY has not sought leave to amend its answer to assert the affirmative defense, and "a district court does not abuse its discretion when it fails to grant

[4] "[T]he trial is the actual, final determination of questions of fact - it is when issues are conclusively decided . . . . A deposition is certainly done to assist with discovery and to produce evidence for trial. But it is not the trial." In re Flint Water Cases, 53 F.4th 176, 2022 WL 16824209, *17 (6th Cir. 2022).

leave to amend . . . without being asked to do so." Greenidge v. Allstate Insurance Co., 446 F.3d 356, 361 (2d Cir. 2006).[5]

Rule 1 states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action". "Ensuring that justice is done between the parties includes respect for the procedural rules that govern the lawsuit process." 1 Moore's Federal Practice, §1.21[1][c] (Matthew Bender 3d ed.). It is a "well-established rule that the defendant bears the burden of pleading an affirmative defense", In re Bernard L. Madoff Investment Securities LLC, 12 F.4th 171, 200 (2d Cir. 2021), cert. denied, 142 S. Ct. 1209 (2022), "and it is not the Court's job to plead a . . . litigant's case for him". Alhamzawi v. Texas, 2012 WL 3072437, *4 (N.D. Tex.), adopted, 2012 WL 3079172 (N.D. Tex. 2012).

Since NFNY has failed to comply with Rule 8(c)(1)'s well-established pleading requirement, it may not rely upon the unpleaded affirmative defense of New York Labor Law §198-d. Therefore, I recommend that Kraft be granted summary judgment for a penalty of $5,000 on this cause of action,[6] with costs and attorney's fees to be determined at a later date.

---

[5] If NFNY had sought leave to amend, it would have to explain why it could not, with reasonable diligence, have met the September 17, 2021 deadline for amendments established by my Case Management Order ([79], ¶4), which reminded the parties that "a finding of 'good cause' depends on the diligence of the moving party". Id. at 3, *citing* Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). "[T]he absence of prejudice to the non-moving party does not satisfy the good cause requirement." Rupp v. City of Buffalo, 328 F.R.D. 69, 71 (W.D.N.Y. 2018).

[6] Although Kraft's First Amended Class Action Complaint alleged that NFNY was liable to her "in the amount of $2,500, together with attorneys' fees and costs" ([9], ¶101), her motion for summary judgment justifies a statutory award of $5,000, rather than $2,500. Kraft's Memorandum of Law [113-7] at 15-16. Since NFNY has not objected to her deviation from the complaint, neither will I. *See* Rule 15(b)(2).

**C. Kraft's Seventh Cause of Action: N.Y. Labor Law §195(1)**

Kraft alleges that NFNY violated N.Y. Labor Law §195(1) by failing to provide her with a written notice containing certain categories of information. First Amended Class Action Complaint [9], ¶104. Labor Law §195(1)(a) requires an employer to provide that notice "at the time of hiring".

Labor Law §198(1-b) entitles an employee who has not received the notice "within ten business days of his or her first day of employment" to "recover in a civil action damages . . . not to exceed five thousand dollars, together with costs and reasonable attorney's fees". Section 198(3) requires an action to recover this liability to be commenced within six years. NFNY argues that because Kraft did not commence this action until "April 3, 2020, well more than six years after the tenth business day following her first day of employment", this claim is barred by §198(3). NFNY's Memorandum of Law [115-8] at 19.

While admitting that her hire date "falls outside the six year statute of limitations" (Kraft's Memorandum of Law [118] at 25-26), Kraft cites earlier versions of Labor Law §§195(1) and 198(1-b) in arguing that her claim remains timely. Id. at 26. However, since neither of those earlier versions were still in effect at the time this action was commenced,[7] they cannot be relied upon to support her claim. *See* Marin v. Apple-Metro, Inc., 2017 WL 4950009, *16 (E.D.N.Y. 2017) ("there is no private cause of action for employees to enforce the annual notice requirement that was in place from 2011 until 2015"); Dowd v. 6675 Transit Rd LLC, 2017 WL 5713956, *3 (W.D.N.Y.), adopted, 2017 WL 5675828 (W.D.N.Y. 2017) ("only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to §198(1-b) . . . . NYLL does not provide a private right of action where an employer fails to

[7] "[A]ll matter omitted from the act or section the amendment purports to amend, is repealed." 1A Sutherland Statutory Construction, §23:12 (7th ed.).

provide annual notices; rather, it only provides such a private right of action where the employer fails to provide the notice at the time of hire”). Therefore, I recommend that this cause of action be dismissed.

**CONCLUSION**

For these reasons, I recommend that Kraft be granted partial summary judgment for $5,000 in damages on her Sixth Cause of Action, with attorney’s fees and costs to be determined at a later date, and that her First and Seventh Causes of Action be dismissed. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by December 6, 2022. Any requests for extension of this deadline must be made to Judge Sinatra.

A party who “fails to object timely . . . waives any right to further judicial review of [this] decision”. Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court’s Local Rules of Civil Procedure, written objections shall “specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority”, and must include “a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge”. Failure to comply

with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 22, 2022

JEREMIAH J. MCCARTHY
United States Magistrate Judge